DISTRICT OF COLUMBIA, to Use of PHILIP CAREY CO., v. UNITED STATES CASUALTY CO. et al.

No. 6408.

United States Court of Appeals for the District of Columbia.

Decided Jan. 20, 1936.

Paul Sleman, of Washington, D. C., for appellant.

William F. Kelly and P. J. J. Nicolaides, both of Washington, D. C., for appellees, Sun Indemnity Company of New York, General Reinsurance Corporation, Great American Indemnity Company, The Excess Insurance Company of America and Guardian Casualty Company.

Christopher B. Garnett, of Washington, D. C., for appellee, United States Casualty Company.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

---

STEPHENS, Associate Justice.

This case is here upon an appeal from a decree of the Supreme Court of the District of Columbia dismissing, upon motion of the appellees, defendants below, the bill of complaint of the appellant, the plaintiff below. The appellant is District of Columbia, to the use of The Philip Carey Company, a corporation. The appellees are the United States Casualty Company, Sun Indemnity Company of New York, General Reinsurance Corporation, Great American Indemnity Company, The Excess Insurance Company of America, and Guardian Casualty Company, all corporations of New York.

The issues in this case are, except as below set forth, identical with those in Bruckner-Mitchell, Inc., v. Sun Indemnity Company of New York (No. 6409), 65 App.D.C. 178, 82 F.(2d) 434, decided by this court January 20, 1936. The only difference between that case and this one is that in No. 6409 the suit was brought by Bruckner-Mitchell, Inc., the appellant there, the plaintiff below, both in its own name and in its own right, with the District of Columbia as a party defendant against which no relief was sought, whereas in the instant case the party plaintiff below is differently named. In the caption the plaintiff is, as above appears, "District of Columbia, to the use of The Philip Carey Company, a corporation, appellant," but in paragraph 1 of the bill—

"The bill of complaint of the above named *plaintiff* respectfully shows:

"1. That it is a corporation organized and existing under and by virtue of the laws of the State of Ohio, and *brings this suit in its own right.*" [Italics supplied.]

It is thus not clear whether the suit is technically in the name of the District of Columbia, to the use of The Philip Carey Company, or in the name of The Philip Carey Company itself, but it is clear that the bill of complaint is brought in the right of The Philip Carey Company, a corporation, as such. We think that this suit, brought in the right of The Philip Carey Company, ought technically to have been brought also in its name. But in case No. 6409, we held that Bruckner-Mitchell, Inc., a materialman, was a third party beneficiary under the first reinsurance agreements involved, and as such a real party in interest. In this case The Philip Carey Company is a materialman, and is a third party beneficiary under the same agreements. We think the suit not in a fatal sense improperly brought. Under Equity Rule No. 2 of the Supreme Court of the District of Columbia providing—

"The court, at every state of the proceeding, must disregard any error or defect in the proceeding which does not affect the substantial rights of a party."

the suit should have been treated and should now be treated upon its retrial as having been—

"* * * prosecuted in the name of the real party in interest * * *"

to wit, The Philip Carey Company, in accordance with the requirement of Equity Rule No. 13. Equity Rules Nos. 2 and 13 of the Supreme Court of the District of Columbia are, so far as here pertinent, parallel to Federal Equity Rules Nos. 19 and 37 respectively (28 U.S.C.A. following section 723).

The issues in the instant case being, except in respect of the procedural point just discussed, the same as those in No. 6409, the decision in that case in respect of those issues is controlling, and therefore, in accordance with that decision in respect of those issues and in accordance with this decision in respect of the procedural point herein discussed, we hold that the action of the trial court in dismissing the bill of complaint in the instant case was erroneous, and *its* decree is therefore

Reversed and the case remanded for trial.

The agreement and division of the court in this case in respect of the various points involved, other than the procedural point above discussed, is identical with that expressed in No. 6409.